MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Plaintiff
Alfonso Estrada

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

oOo

ALFONSO ESTRADA, an individual,

vs.

U.S. BANK, NATIONAL
ASSOCIATION in its capacity as Trustee
for Harborview Mortgage Loan Trust 2005-
12, Mortgage Loan Pass-Through
Certificates Series 2005-12, A National
Bank Association; BANK OF AMERICA,
N.A., individually and in its capacity as
Trustee for Harborview 2005-12 Trust
Fund, A National Bank Association;
NATIONSTAR MORTGAGE LLC, dba
Mr. Cooper, a Delaware Limited Liability
Company
_____/

Case No. 3:22-cv-

COMPLAINT

Plaintiff, Alfonso Estrada, an individual, files the following complaint against Defendants, U.S. BANK, NATIONAL ASSOCIATION in its capacity as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-Through Certificates Series 2005-12 (Herein "U.S. Bank"); BANK OF AMERICA, N.A., individually and both in its capacity as Trustee for Harborview 2005-12 Trust Fund and for the benefit of U.S. Bank, N.A. as Trustee for Harborview 2005-12 Trust Fund (Herein "Bank of America") and NATIONSTAR MORTGAGE LLC, dba Mr. Cooper (Herein ("Nationstar").

JURISDICTIONAL ALLEGATIONS

1. The Plaintiff is a natural person residing 5054 Kiva Court, Sparks, Nevada.

1

2.     U.S. Bank is a national banking association acting in its capacity as Trustee for the Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-Through Certificates Series 2005-12.

3.     U.S. Bank's main office is in Cincinnati, Ohio.

4.     Bank of America, N.A. is a national banking association acting in its capacity as Trustee for the Harborview Mortgage Loan Trust 2005-12 and for the benefit of U.S. Bank, N.A. as Trustee for Harborview 2005-12 Trust Fund.

5.     Bank of America, N.A's main office is in Charlotte, North Carolina.

6.     Nationstar is a Delaware Limited Liability Company.

7.     This is an action concerning the Defendants' actions with respect to the real property located at 5054 Kiva Court, Sparks, Nevada (Herein "Kiva Court Property); and that the amount in controversy exceeds $75,000.00.

8.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

9.     Venue is appropriate pursuant to 28 U.S.C. §1391(b)(2) because, the subject property (the Kiva Court Property) is located in Nevada, and a substantial part of the events and actions giving rise to the claims asserted herein occurred in this judicial district.

10.     This is also an action for damages as a result of violations of the Real Estate Settlement Procedures Act (RESPA) pursuant to 12 U.S.C. §2605(f).

11.     This Court has original jurisdiction of those claims under 28 U.S.C. §1331.

<u>FACTUAL ALLEGATIONS</u>

12.     Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

13.     On July 6, 2005 Mr. and Mrs. Estrada[1] executed a note in favor of Soma Financial in the amount of $324,000.00 (Herein "Soma Note").

14.     The Soma Note was an adjustable rate mortgage with a beginning rate of 1%.

---

[1]  Mrs. Estrada is now deceased

15.     The Soma Note provided a maximum interest rate of 9.95%.

16     On July 11, 2005 Mr. and Mrs. Estrada executed a deed of trust in favor of Soma Financial (Herein "Soma Deed of Trust").

17.     The Soma Deed of Trust was recorded in the Washoe County Recorder's Office on July 13, 2005 as Document No. 3244647.

18.     On August 31, 2011 Mortgage Electronic Registration Systems (MERS) executed an assignment of the Soma Deed of Trust on behalf of Soma Financial to Bank of America, N.A. This assignment was recorded in the Washoe County Recorder's Office on September 7, 2011 as Document No. 4038158.

19.     On September 28, 2012 Bank of America, N.A. executed an assignment of the Soma Deed of Trust to Bank of America, N.A., in its capacity as Trustee for Harborview 2005-12 Trust Fund. This assignment was recorded in the Washoe County Recorder's Office on January 22, 2013 as Document No. 4196970.

20.     In 2011 Mr. and Mrs. Estrada had financial difficulties paying the increased mortgage payments required under the adjustable rate Soma Note.

21.     In 2011 Bank of America was the servicer of the Soma Deed of Trust and the Soma Note.

22.     Mr. and Mrs. Estrada explained these financial difficulties to Bank of America in 2011.

23.     On June 16, 2011 Bank of America sent the Estradas a letter explaining its deed in lieu of foreclosure program. The letter said in relevant part that: "*A Deed in Lieu is designed to help borrowers who are unable to afford their first mortgage payment and want to avoid foreclosure. With a Deed in Lieu, you voluntary transfer ownership of your home and all real property secured by your mortgage loan to us to satisfy the total amount due on the first mortgage*".

24.     On December 21, 2011 Bank of America sent a followup letter to the Estradas with respect to its Deed in Lieu proposal.

3

25.     On April 9, 2012 Bank of America sent a second followup letter to the Estradas with respect to its Deed in Lieu proposal.

26.     On August 28, 2012 Mr. and Mrs. Estrada signed a grant deed in lieu of foreclosure of the Kiva Court Property to Bank of America, N.A. for the benefit of U.S. Bank National Association as Trustee for Harborview 2005-12 Trust Fund.

27.     The grant deed in lieu of foreclosure was recorded in the Washoe County Recorder's Office on January 22, 2013 as Document No. 4196973. A copy of this recorded grant deed in lieu of foreclosure has been attached as Exhibit "1".

28.     On October 3, 2012 Trustee Corps, as successor Trustee of the Soma Deed of Trust, executed a deed of reconveyance with respect to the Soma Deed of Trust.

29.     This deed of reconveyance was recorded in the Washoe County Recorders Office on January 22, 2013 as Document No. 4196972. A copy of this recorded deed of reconveyance has been attached as Exhibit "2".

30.     The effect of the August 28, 2012 deed in lieu of foreclosure and the October 3, 2012 deed of reconveyance was to vest the Kiva Court Property free and clear in Bank of America, N.A., either in its capacity as Trustee for Harborview 2005-12 Trust Fund or in its capacity for the benefit of U.S. Bank National Association as Trustee for Harborview 2005-12 Trust Fund.

31.     On March 11, 2013 Bank of America sent the Estradas a pre-foreclosure letter which itemized the arrears and principal amount owed, even though the Estradas had signed Bank of America's Deed in Lieu the year before.

32.     On September 12, 2013 Nationstar sent the Estradas a notice of servicing transfer from Bank of America to Nationstar Mortgage.

33.     Nationstar included a "Welcome" letter in its September 12, 2013 notice of servicing transfer which identified itself as the servicer for the Kiva Court Property account. Nationstar said the Estradas could count on it to meet your needs whether the Estradas were

4

looking to make a payment or have questions regarding their account. Nationstar stated they offer various payment options.

34.     By mid 2014 Mr. and Mrs. Estrada had noticed the Kiva Court Property was vacant.

35.     The Estradas reached out to Nationstar regarding this, and Nationstar induced them to apply for a modification of the Soma Deed of Trust and the Soma Note.

36.     The Estradas spoke to a Nationstar representative who identified herself as Ellery Wheaton.

37.     On July 21, 2014 the Estradas sent a fax to Nationstar's Loan Modification Unit to the attention of Ms. Wheaton. The fax contained the Estradas' modification application under the HAMP program.

38.     In the July 21, 2014 fax to Nationstar, the Estradas stated: *"My monthly payment went up from the original starting amount. It kept on rising thereafter to the point that I can not afford to pay my monthly payment. I have tried everything within my power including charging my credit cards to the maximum to the point where I had to file for a bankruptcy. I have put all my life saving as a down payment. I urge you to help me and my family to keep my house"*.

39.     On November 17, 2014 Nationstar sent the Estradas a letter which stated: *"Congratulations! You are eligible for a Home Affordable Modification. As previously described, if you comply with the terms of the Home Affordable Modification trial period plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid. The enclosed Home Affordable Modification Agreement ("Modification Agreement") reflects the proposed terms of your modified mortgage."*

40. The November 17, 2014 letter contained the HAMP modification agreement.

41.     The November 17, 2014 letter stated to accept the HAMP offer, the Estradas needed to: (1) Complete and return the HAMP modification agreement by the due date and (2) Continue to make the trial payments on time.

5

42.     The Estradas complied with all requirements of acceptance set forth in the November 17, 2014 letter and signed the HAMP modification agreement on November 24, 2014.

43.     On December 14, 2014 Nationstar countersigned the HAMP modification agreement.

44.     When Bank of America sent the Estradas a pre-foreclosure letter on March 11, 2013, the Estradas actually and reasonably believed they had an ownership interest in the Kiva Court Property notwithstanding their signing of Bank of America's deed in lieu of foreclosure.

45.     When Nationstar (1) Sent the Estradas a notice of servicing transfer from Bank of America to Nationstar Mortgage with the "Welcome" letter; (2) Invited the Estradas to fax Nationstar a HAMP application with their financial information as well as a hardship explanation; (3) Sent the Estradas the November 17, 2014 letter congratulating them on being eligible for a HAMP modification; (4) Sent the Estradas a HAMP modification agreement with instructions of how to accept its terms; (5) Countersigned the HAMP modification agreement on December 2, 2014; (6) Accepted the Estradas' modified payments month after month and (7) Sent the Estradas numerous mortgage statements month after month, Nationstar knew or should have known that the Estradas believed the original Soma Deed of Trust and the original Soma Note were being reinstated and modified. Nationstar also should have known the Estradas believed Nationstar would restore title to the Kiva Court Property back to the Estradas as part of the successful HAMP modification.

46.     Because Nationstar (1) Sent the Estradas a notice of servicing transfer from Bank of America to Nationstar Mortgage with the "Welcome" letter; (2) Invited the Estradas to fax Nationstar a HAMP application with their financial information as well as a hardship explanation; (3) Sent the Estradas the November 17, 2014 letter congratulating them on being eligible for a HAMP modification; (4) Sent the Estradas a HAMP modification agreement with instructions of how to accept its terms; (5) Countersigned the HAMP modification agreement on December 2, 2014; (6) Accepted the Estradas' modified payments month after month and (7)

6

Sent the Estradas numerous mortgage statements month after month; the Estradas actually and reasonably believed that the original Soma Deed of Trust and the original Soma Note were being reinstated and that Nationstar would restore title to the Kiva Court Property back to the Estradas as part of the successful HAMP modification.

47.     In addition to the reasons in the previous paragraph, the Estradas' belief that they owned or would own the Kiva Court Property as part of the modification process was also reasonable based upon the following language contained in the November 24, 2014 HAMP agreement.

A.   Page 1: The Original Loan Amount of $324,000.00 matches the Soma Note amount.

B.   Page 2, Paragraph 1(C) - There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage. (Emphasis supplied)

C.   Page 3, Paragraph 3(C) - $123,846.32 of the New Principal Balance shall be deferred (the 'Deferred Principal Balance') and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the 'Interest Bearing Principal Balance' and this amount is $288,974.86. Interest at the rate of 4.125% will begin to accrue on the Interest Bearing Principal Balance as of December 1, 2014 and the first new monthly payment on the Interest Bearing Principal Balance will be due on January 1, 2015. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.125% | December 1, 2014 | $1,230.30 | $459.64 May adjust periodically | $1,689.94 May adjust periodically | January 1, 2015 | 480 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate. (Emphasis supplied)

D.   Page 4, Paragraph 4(B) - That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender. (Emphasis supplied)

E.   Page 4, Paragraph 4(E) – That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed. (Emphasis supplied)

7

F.     Page 4, Paragraph 4(F) – <u>That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect;</u> nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents. (Emphasis supplied)

G.     Page 4, Paragraph 4(G) - That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, <u>if a or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent,</u> Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. (Emphasis supplied)

H.     Page 5, Paragraph 4(J) - <u>That, I will cooperate fully with Lender in obtaining any title endorsement(s),</u> or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. (Emphasis supplied)

I.     Page 5, Paragraph 4(K) - That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement <u>if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature</u>. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

48.     Neither Nationstar, nor any of the other Defendants, supplied the Estradas with any title endorsements or any other documents to place the Kiva Court Property in their name after execution and acceptance of the HAMP modification agreement.

49.     On February 6, 2015 Nationstar executed a request for notice with respect to the Kiva Court Property. In its request for notice, Nationstar acknowledged that it had an interest in the Kiva Court Property by virtue of having an interest in the Soma Deed of Trust.

50.     On April 17, 2019 MERS, on behalf of Soma Financial, executed an assignment of the Soma Deed of Trust to U.S. Bank, in its capacity as Trustee for the Harborview Mortgage Loan Trust 2005-12.

51.     This assignment of the Soma Deed of Trust was recorded in the Washoe County Recorder's Office on April 17, 2019 as Document No. 4902972.

52.     On June 8, 2021 the Estradas sent Nationstar a Qualified Written Request (Herein "QWR") pursuant to 12 U.S.C. §2605(e); 15 U.S.C. §1641(f)(2) and 12 C.F.R. 1024.36.

53.     The June 8, 2021 QWR requested a complete copy of the servicing file that must be maintained pursuant to 12 C.F.R. §1024.38(c)(2).

54.     On June 28, 2021 Nationstar responded to the QWR and produced:

A.     The note and security agreement

B.     The final modification documents executed in 2014

C.     The August 31, 2011 assignment of the Soma Deed of Trust to Bank of America, N.A. This assignment was recorded in the Washoe County Recorder's Office on September 7, 2011 as Document No. 4038158.

D.     The September 28, 2012 assignment of the Soma Deed of Trust to Bank of America, N.A., in its capacity as Trustee for Harborview 2005-12 Trust Fund.

E.     The June 2021 mortgage statement

F.     The July 2021 mortgage statement

G.     The September 12, 2013 notice of servicing transfer from Bank of America to Nationstar Mortgage.

H.     Written confirmation that Nationstar has the collateral file with respect to the Soma Deed of Trust.

55.     Nationstar's June 28, 2021 response also stated the enclosed note and security agreement validates the loan; explains your right to collect any debt owed under the note and security instrument; assess fees and costs to the loan; inspect the property and charge applicable fees; purchase lender placed insurance and to pay taxes on mortgage's behalf.

9

56.    Nationstar's June 28, 2021 response also stated U.S. Bank N.A., as the Trustee for Harbor View Mortgage Loan Trust 2005-12 is the current owner of the note and that Mr. Cooper is servicing the loan.

57.    These statements are billing errors since Nationstar never re-conveyed the property to the Estradas and the deed of trust and note had been extinguished.

58.    On August 31, 2021 the Estradas, through their attorney, sent Nationstar a notice of error pursuant to 12 U.S.C. §2605 and 12 C.F.R. §1024.35 with respect to Nationstar's June 28, 2021 response to the QWR.

59.    The August 31, 2021 letter advised Nationstar of (1) The date the deed in lieu of foreclosure signed by the Estradas was recorded in the Washoe County Recorder's Office; (2) The date Trustee Corps recorded a deed of reconveyance with respect to the July 6, 2005 Soma Deed of Trust, and its document recording number in Washoe County; (3) Supplied Nationstar with an executed Home Affordable Modification Agreement with Nationstar Mortgage and (4) That the Estradas were current on the Home Affordable Modification Agreement.

60.    The August 31, 2021 letter also advised Nationstar that the errors in the June 28, 2021 response were:

A.    Nationstar's has the right to collect any remaining debt owed under the (Soma) note and security agreement, and to assess fees and costs if the loan is in default.

B.    U.S. Bank N.A., as the Trustee for Harbor View Mortgage Loan Trust 2005-12 is the current owner of the note.

C.    Mr. Cooper is servicing the loan. It is responsible for validation of the debt.

61.    On December 28, 2021 Nationstar responded to the August 31, 2021 letter. It stated in relevant part that:

A.    U.S. Bank N.A., as the Trustee for Harbor View Mortgage Loan Trust 2005-12 is the current owner of the note.

B.    Mr. Cooper is servicing the loan.

C.    Nationstar has the servicing rights to collect any remaining debt owed under the Note and Security Instrument (Soma)

1 0

D.   We previously found on the Washoe County recorder's website that the release of lien has never been recorded.

E.   There is no Deed in Lieu information in Nationstar's file.

F.   Nationstar received the Estradas' request for a loan modification dated July 21, 2014.

G.   The Estradas were approved for a Home Affordable Modification Agreement effective January 1, 2015.

H.   Bank of America, the prior servicer, sent correspondences regarding the Deed in Lieu, this included a June 16, 2011 letter, a follow up letter dated April 9, 2012 and a second follow up letter dated April 13, 2012.

62.   These were errors because at the time Nationstar executed the Home Affordable Modification Agreement, the Estradas had not been given title to the Kiva Court Property as implied by the HAMP modification agreement and the subsequent actions of the parties. In addition, the reconveyance of the Kiva Court Property was a condition to revival and modification of the Soma Deed of Trust and Note. Without the reconveyance, the Soma Deed of Trust and not remained extinguished and were not subject to being owned or serviced.

### First Claim for Relief
### Breach of Contract/Injunctive Relief
(All Defendants)

63.   Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

64.   On July 6, 2005 the Estradas executed the Soma Deed of Trust and Note, which were valid and binding agreements between the parties.

65.   On or about September 28, 2012 of Bank of America, N.A., in its capacity as Trustee for Harborview 2005-12 Trust Fund acquired all rights and obligations under the Soma Deed of Trust and Note.

66.   On or about June 16, 2011 Bank of America sent the Estradas a letter explaining its deed in lieu program for borrowers who are unable to afford their first mortgage payment and want to avoid foreclosure.

11

67.     On August 28, 2012 the Estradas signed a deed in lieu of foreclosure of the Kiva Court Property to Bank of America for the benefit of U.S. Bank National Association as Trustee for Harborview 2005-12 Trust Fund.

68.     In consideration, on January 22, 2013 Bank of America caused to be recorded a deed of reconveyance with respect to the Soma Deed of Trust, which effectively vested the Kiva Court Property free and clear in Bank of America.

69.     Since January 22, 2013 Bank of America is recognized as the legal and titled owner of the Kiva Court Property either individually or in a representative capacity.

70.     Some two months later, on March 11, 2013 Bank of America sent the Estradas a letter stating it was owed $323,221.31 on the Soma Deed of Trust and Note and that the reinstatement amount was $98,163.10.

71.     The Estradas reasonably and actually believed Bank of America had the ability to enforce or modify the Soma Deed of Trust and Note on the Kiva Court Property, and that the Estradas were the owners of said property.

72.     On or about September 12, 2013 Nationstar sent the Estradas a letter informing them that the servicing of the mortgage account had been transferred from Bank of America to Nationstar.

73.     The Estradas reasonably and actually believed Nationstar was the agent of the entity that owned the Soma Deed of Trust and Note on the Kiva Court Property, and that Nationstar had the ability to enforce or modify the Soma Deed of Trust and Note on the Kiva Court Property..

74.     The Estradas reasonably and actually believed Nationstar had the ability to modify the terms of the Soma Deed of Trust and Note on the Kiva Court Property.

75.     After speaking to a Nationstar representative, the Estradas sent a modification application to Nationstar.

76.     In response Nationstar sent the Estradas a HAMP modification agreement with instructions with respect to how the agreement is to be accepted.

77.     The Estradas complied with all requirements of acceptance, and on December 14, 2014 Nationstar countersigned the HAMP modification agreement.

78.     The Estradas have faithfully made every payment under the 2014 HAMP modification agreement.

79.     Nationstar sends regular monthly mortgage statements to the Estradas.

80      The April of 2022 mortgage statement issued by Nationstar shows an interest bearing balance of $257,112.58; a non-interest bearing principal balance of $123,846.32, an interest rate of 4.125%, an escrow balance of $701.03 and no arrearages.

81.     The HAMP modification agreement is a legally binding agreement wherein it was the express intent of both parties to reinstate the Soma Deed of Trust and Note with the modifications contained therein.

82.     At the time the HAMP agreement was negotiated and executed between the parties, both parties had reasonable expectations that the Kiva Court Property would be reconveyed back to the Estradas as a necessary condition of reviving the Soma Deed of Trust and modifying the debt it secured.

83.     The Estradas had actually and reasonably believed the Kiva Court Property had been returned to them after executing the HAMP modification agreement.

84.     Mr. Estrada first learned that Bank of America still held title to the Kiva Court Property when he attempted to list it for sale with a Realtor in 2021.

85.     When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances may be supplied by the court.

86.     The HAMP modification agreement sufficiently defines all terms of the modification between the parties with the exception of Bank of America and Nationstar's obligation to re-convey the Kiva Court Property to the Estradas.

87.     The failure of Bank of America and/or Nationstar to convey the Kiva Court Property is a material breach of the HAMP agreement between the parties.

1 3

88.     Mr. Estrada does not have an adequate remedy at law as the Kiva Court Property is unique as real property, and he lacks the title to it.

89.     Mr. Estrada has tendered all performance due under the HAMP modification agreement to Bank of America and/or Nationstar and/or U.S. Bank by making all payments required of him pursuant to the HAMP loan modification.

90.     As a direct and proximate result of Bank of America and/or Nationstar and/or U.S. Bank's refusal to convey the Kiva Court Property to the Estradas, they have suffered irreparable harm for which there is no adequate remedy at law.

91.     Mr. Estrada is entitled to have this Court to order Bank of America (or any other Defendant) to execute all documents necessary to restore title to the Kiva Court Property to him.

### Second Claim for Relief
### Breach of Covenant of Good Faith and Fair Dealing
### Both Contractual and Tortious
(All Defendants)

92.     Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

93.     At all times relevant herein, Bank of America and/or Nationstar and/or U.S. Bank knew that the parties had executed a HAMP modification agreement that modified the terms of the Soma Deed of Trust and Note.

94.     Bank of America, U.S. Bank and Nationstar are in the business of financing and modifying loans secured by real estate, and have superior knowledge of the requirements and formalities of these kinds of modifications.

95.     Bank of America, U.S. Bank and Nationstar are under an obligation to maintain accurate business records regarding the payment and modification of loans secured by real estate.

96.     The Estradas were never in the business of financing and modifying loans secured by real estate, nor do they have access to the records maintained by Bank of America, U.S. Bank and Nationstar.

1 4

97    The Estradas had actually and reasonably believed the Kiva Court Property had been returned to them after executing the HAMP modification agreement.

98.    Mr. Estrada first learned that Bank of America still held title to the Kiva Court Property when he attempted to list it for sale with a Realtor in 2021.

99.    Bank of America, U.S. Bank and Nationstar knew or should have known that the 2014 HAMP modification agreement revived and modified the Soma Deed of Trust and Note imposing liability upon the Estradas.

100.    Bank of America, U.S. Bank and Nationstar knew or should have known that title to the Kiva Court Property was never conveyed to the Estradas, even after being informed of this fact in writing.

101.    Notwithstanding this knowledge, Bank of America, U.S. Bank and Nationstar continued to accept payments from the Estradas since 2014 through the present date with full knowledge the Estradas believed they owned the Kiva Court Property, but did not.

102.    Bank of America, U.S. Bank and Nationstar owed a duty of good faith to the Estradas.

103.    Bank of America, U.S. Bank and Nationstar breached this duty of good faith to the Estradas by executing a complete modification agreement which did not reconvey the Kiva Court Property, and taking the Estradas' payments for over seven years knowing the Estradas were under the impression they owned the Kiva Court Property when they did not.

104.    The Estradas' justified expectations under the contract were denied.

105.    Mr. Estrada entitled to damages according to proof at the time of trial for breach of the implied contractual covenant of good faith and fair dealing.

106.    At the time of executing the HAMP modification agreement, Bank of America, U.S. Bank and Nationstar knew the Estradas had been relying upon them with respect to what was allowed and customary with respect to a home loan modification.

15

107.    Based upon the superior knowledge and record keeping of Bank of America, U.S. Bank and Nationstar, each knew the Estradas were relying upon them to insure that the Kiva Court Property would be conveyed back to them as part of the modification process.

108.    The superior knowledge of Bank of America, U.S. Bank and Nationstar created a special relationship between them and the Estradas.

109.    As a result of this special relationship, Bank of America, U.S. Bank and Nationstar were bound to act in good faith and with due regard to the interests of the Estradas.

110.    Bank of America, U.S. Bank and Nationstar refused to convey the Kiva Court Property to the Estradas after Nationstar had been informed in writing that the conveyance had never been done as part of the 2014 HAMP modification process.

111.    Tort liability for breach of the implied covenant of good faith and fair dealing is appropriate where the party in the superior or entrusted position has engaged in grievous and perfidious misconduct.

112.    Bank of America, U.S. Bank and Nationstar have engaged in grievous and perfidious misconduct by refusing to convey the Kiva Court Property after being made aware that Bank of America is still the owner.

113.    By refusing to convey the Kiva Court Property and accepting all payments under the HAMP modification agreement, Mr. Estrada is entitled to punitive damages according to proof of the tortious breach of the covenant of good faith and fair dealing.

### Third Claim for Relief
### Quiet Title/Declaratory Relief
(All Defendants)

114.    Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

115.    Under NRS 40.010 an action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.

1 6

116.   After the Estradas executed the August 28, 2012 deed in lieu of foreclosure, Bank of America, individually or in a representative capacity, has been the legal and titled owner of the Kiva Court Property.

117.   On April 17, 2019 MERS, on behalf of Soma Financial, executed an assignment of the Soma Deed of Trust to U.S. Bank, in its capacity as Trustee for the Harborview Mortgage Loan Trust 2005-12.

118.   This assignment creates a cloud on the title of the Kiva Court Property.

119.   The HAMP modification agreement contains sufficient definite and complete terms to be enforceable as a contract.

120.   Because the HAMP modification agreement reinstated the Soma Deed of Trust and Note, the parties had a reasonable expectation that Bank of America would re-convey the Kiva Court Property to the Estradas in consideration for re-assuming liability under the Soma Deed of Trust and Note.

121.   The requirement that Bank of America re-convey the Kiva Court Property to the Estradas is a material term that is not only essential to a determination of the parties' rights and duties, but also it is a term which is reasonable under the circumstances. For that reason it is within the jurisdiction of this Court to make the obligation of Bank of America to reconvey the Kiva Court Property to the Estradas a term of the HAMP modification agreement.

122.   The Estradas have faithfully made every payment under the 2014 HAMP agreement.

123.   Nationstar sends regular monthly mortgage statements to the Estradas.

124.   The April of 2022 mortgage statement issued by Nationstar shows an interest bearing balance of $257,112.58; a non-interest bearing principal balance of $123,846.32, an interest rate of 4.125%, an escrow balance of $701.03 and no arrearages.

125.   The actions of Nationstar caused the Estradas to actually and reasonably believe the Kiva Court Property had been reconveyed to them, and that they were the owners of said Property subject to the HAMP modification agreement.

126.   At no time after executing the HAMP modification agreement did any Defendant advise, inform or otherwise cause the Estradas to believe they were not the owners of the Kiva Court property.

127.   The Defendants, and each of them, are equitably estopped from taking the position that Mr. Estrada is not entitled to have the Kiva Court Property conveyed to him.

128.   Because Nationstar, as servicer of the Soma Deed of Trust and Note, accepted all payments made by the Estradas after the HAMP modification; sent the Estrada regular monthly mortgage statements; and issued a statement showing information on the Soma Deed of Trust and Note (as modified); the obligation to convey the Kiva Court Property to Mr. Estrada has been equitably ratified by the conduct of the parties after the HAMP modification to the effect that conveyance the Kiva Court Property to Mr. Estrada is now a term of the HAMP modification agreement.

129.   Mr. Estrada is entitled to a judgment for declaratory relief and quiet title which states that he is the owner of the Kiva Court Property and to declare who is the holder of the Soma Note and who is the beneficiary of the Soma Deed of Trust.

**Fourth Claim for Relief**
**Real Estate Settlement Procedures Act**
(Nationstar)

130.   Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

131.   On June 8, 2021 the Estradas sent Nationstar a QWR.

132.   Nationstar's June 28, 2021 response to the QWR stated the enclosed note and security agreement validates the loan; explains your right to collect any debt owed under the note and security instrument; assess fees and costs to the loan; inspect the property and charge applicable fees; purchase lender placed insurance and to pay taxes on mortgage's behalf.

133.   These statements are billing errors since Nationstar never re-conveyed the property to the Estradas and the deed of trust and note had been extinguished.

1 8

134    On August 31, 2021 the Estradas, through their attorney, sent Nationstar a notice of error.

138.    On October 7, 2021 Nationstar sent the Estradas' counsel a letter stating they were in the process of confirming that the Deed in Lieu was recorded by Bank of America.

136.    On October 22, 2021 Nationstar sent the Estradas' counsel a second letter stating in relevant part that "*Please be advised that we have Deed in Lieu (DIL) documentation on file and after research on the Washoe County Recorder's website the release of lien was never recorded*".

137.    On August 28, 2012 Mr. and Mrs. Estrada signed a grant deed in lieu of foreclosure of the Kiva Court Property to Bank of America for the benefit of U.S. Bank National Association as Trustee for Harborview 2005-12 Trust Fund.

138.    The grant deed in lieu of foreclosure was recorded in the Washoe County Recorder's Office on January 22, 2013 as Document No. 4196973. Please see Exhibit "1".

139    On October 3, 2012 Trustee Corps, as successor Trustee of the Soma Deed of Trust, executed a deed of reconveyance with respect to the Soma Deed of Trust.

140.    This deed of reconveyance was recorded in the Washoe County Recorders Office on January 22, 2013 as Document No. 4196972. Please see Exhibit "2".

141    Under Nevada law the recording of a deed of reconveyance has the legal effect of releasing the lien created by the deed of trust.

142.    A search of the Washoe County Recorder's Database under the name "Estrada, Alfonso" or "Estrada, Maria" will bring up both the grant deed in lieu of foreclosure and the deed of reconveyance. Also, the August 31, 2021 letter identified the deed of reconveyance by its Washoe County Recorder's Office Document Number, which is 4196972.

143.    On November 5, 2021 the Estradas' counsel sent a reply to Nationstar with respect to its October 22, 2021 letter. The letter indicated Nationstar's research regarding the release of lien was wrong. The letter also attached a recorded copy of both the recorded grant deed in lieu of foreclosure and the recorded deed of reconveyance.

144.    On December 28, 2021 Nationstar sent the Estradas' counsel a third letter stating in relevant part that "*Our records reflect we have the Deed-in-Lieu (DIL) document on file. We previously found on the Washoe County Recorder's website that the release of lien has never been recorded*".

145.    The August 31, 2021 and November 5, 2021 letters to Nationstar were qualified written requests as that term is defined by 12 U.S.C. §2605(e)(1)(B).

146.    Upon receipt of the August 31, 2021 letter (and receipt of the November 5, 2021 letter), Nationstar was obligated to conduct an investigation and make appropriate corrections in the account of the borrower pursuant to 12 U.S.C. §2605(e)(2)(A) and (B).

147.    As evidenced by Nationstar's October 22, 2021 and December 28, 2021, it violated 12 U.S.C. §2605(e)(2) by: (1) Failing to conduct a reasonable investigation; (2) Transmitting false information; and (3) Refusing to make appropriate corrections in the Estradas' account.

148.    When Mr. Estrada found out in 2021 that he was not on title to the Kiva Court Property and could not sell it, he experienced severe emotional distress, given the amount of equity in the residence and his plans to use the net sale proceeds for his future. This emotional distress was exasperated by the fact that the insurance on the Kiva Court Property may not cover the property since it is not owned by Mr. Estrada.

149.    Mr. Estrada's emotional distress are pecuniary damages, and he is entitled to reimbursement for his emotional suffering.

150.    Mr. Estrada was required to retain counsel to research and prepare the above referenced correspondence to Nationstar in an attempt to recover title to the Kiva Court Property.

151.    Pursuant to 12 U.S.C. §2605(f) Mr. Estrada is entitled to damages for his actual pecuniary loss and statutory damages not to exceed $2,000.00 where there is pattern and practice of non-compliance with 12 U.S.C. §2605.

152.    Nationstar's continued refusal to acknowledge the lien arising out of the Soma Deed of Trust had been released is a pattern and practice of non-compliance with 12 U.S.C. §2605.

153.    Mr. Estrada entitled to damages according to proof at the time of trial and statutory damages of $2,000.00.

154.    Mr. Estrada is entitled to attorneys fees incurred in connection with this action as well as costs.

**WHEREFORE**, Plaintiff prays for the following relief:

1.    With respect to the First Claim for Relief, a Judgment ordering Bank of America (or any other Defendant) to execute all documents necessary to restore title to the Kiva Court Property to Mr. Estrada.

2.    With respect to the Second Claim for Relief, damages according to proof at the time of trial for breach of the implied covenant of good faith and fair dealing and punitive damages according to proof of the tortious breach of the covenant of good faith and fair dealing.

3.    With respect to the Third Claim for Relief, a Judgment for declaratory relief and quiet title which states that Mr. Estrada is the owner of the Kiva Court Property and to declare who is the holder of the Soma Note and who is the beneficiary of the Soma Deed of Trust.

4.    With respect to the Fourth Claim for Relief, damages according to proof at the time of trial and statutory damages of $2,000.00.

5.    For reasonable attorneys fees incurred in connection with this action.

6.    For costs incurred in connection with this action.

7.    For such other and further relief as this Court may deem appropriate.

Dated: This ___ day of _____, 2022

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

21

## Exhibit List

Exhibit 1          Recorded Grant Deed in Lieu of Foreclosure

Exhibit 2          Recorded Deed of Reconveyance

# Exhibit  1

# Exhibit  1

DOC #4196973
01/22/2013 03:09:26 PM
Electronic Recording Requested By
PACIFIC COAST TITLE
Washoe County Recorder
Kathryn L. Burke – Recorder
Fee: $21.00  RPTT: $678.55
Page 1 of 5

RECORDING REQUESTED BY:
APN: 516-152-15

AND WHEN RECORDED MAIL
DEED AND TAX STATEMENT TO:

BANK OF AMERICA, N.A
5401 N BEACH ST
TX2-977-01-36
FORT WORTH, TX 76137

| Trustee Sale No. NV08000365-11-DIL | APN 516 152 15 | Title Order No: |
|---|---|---|

## GRANT DEED IN LIEU OF FORECLOSURE

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
1) The Grantee herein was the Beneficiary under the Deed of Trust dated July 6, 2005 and executed by the undersigned Grantor(s) in favor of the Grantee herein:
2) The amount of the unpaid debt together with costs was:          $    323,221.31
3) The amount paid by the Grantee over and above the unpaid debt was:  $    323,221.31
4) The documentary transfer tax is:                               $    678.55 )
5) Said property is in: ( ) unincorporated area: (X) City of Sparks, County of Washoe, State of Nevada; and

FOR VALUABLE CONSIDERATION, receipt and sufficiency of which is hereby acknowledged, ALFONSO ESTRADA AND MARIA E. ESTRADA, HUSBAND AND WIFE AS JOINT TENANTS ("Grantor(s)") hereby grants to BANK OF AMERICA, N.A. FOR THE BENEFIT OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR HARBORVIEW 2005-12 TRUST FUND ("Grantee"), the following described real property in the County of Washoe State of Nevada:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF.

Said property is commonly known as 5054 Kiva Ct, Sparks, NV 89436

This instrument filed for record by
Pacific Coast Title Company as an
accomodation only. It has not been
examined as to its execution or as
to its effect upon the title.

Trustee Sale No. NV08000365-11-DIL          APN 516 152 15                    Title Order No.

Date: _8-28-12_

_Maria E Estrada_
By: **MARIA E. ESTRADA**

_Alfonso Estrada_
By: **ALFONSO ESTRADA**

STATE OF _Nevada_
COUNTY OF _Washoe_

On _August 28, 2012_ before me, _Brett A. Shirey_, a notary public,

personally appeared _Maria Estrada - and - Alfonso Estrada_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Nevada_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Brett A. Shirey_
Notary Public

> **BRETT A. SHIREY**
> Notary Public - State of Nevada
> Appointment Recorded in Washoe County
> No: 06-98805-2 - Expires November 24, 2012

Page 2 of 5

## EXHIBIT "A"

LOT 27 OF KILEY RANCH PHASES II, UNIT 1, ACCORDING TO MAP THEREOF NO. 3737, FILED IN THE OFFICE OF THE COUNTY RECORDER OF WASHOE COUNTY, STATE OF NEVADA, ON JULY 28, 1999 AS DOCUMENT NO. 2365553, OFFICIAL RECORDS AND AMENDED APRIL 29, 2004 AS DOCUMENT NO. 3030170.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.



## EXHIBIT "B"

## ESTOPPEL AFFIDAVIT

THAT THE AFORESAID DEED IS INTENDED TO BE AND IS AN ABSOLUTE CONVEYANCE OF THE TITLE TO SAID PREMISES TO THE GRANTEE NAMED THEREIN AND WAS NOT AND IS NOT NOW INTENDED AS A MORTGAGE, TRUST CONVEYANCE OR SECURITY OF ANY KIND; THAT IT WAS THE INTENTION OF THE AFFIANT(S) AS GRANTOR(S) IN SAID DEED OF CONVEYANCE, AND BY SAID DEED THESE AFFIANT(S) DID CONVEY TO THE GRANTEE THEREIN ALL THEIR RIGHT, TITLE, AND INTEREST ABSOLUTELY IN AND TO SAID PREMISES; THAT POSSESSION OF SAID PREMISES HAS BEEN SURRENDERED TO THE GRANTEE OR THAT POSSESSION WILL BE SURRENDERED TO THE GRANTEE ON OR BEFORE _____;

THAT IN EXECUTION AND DELIVERY OF SAID DEED, AFFIANT(S) WAS/WERE NOT ACTING UNDER ANY MISAPPREHENSION AS TO THE EFFECT THEREOF, AND ACTED FREELY AND VOLUNTARILY AND WERE NOT ACTING UNER COERCION OR DURESS;

THAT THE CONSIDERATION FOR SAID DEED WAS AND IS PAYMENT TO AFFIANT(S) THE SUM OF $0.00, BY GRANTEE AND THE FULL CANCELLATION OF ALL DEBTS, OBLIGATIONS, COSTS AND CHARGES SECURED BY THAT CERTAIN DEED OF TRUST HERETOFORE EXISTING ON SAID PROPERTY EXECUTED BY, **ALFONSO ESTRADA AND MARIA E. ESTRADA, HUSBAND AND WIFE AS JOINT TENANTS** TRUSTOR(S), TO **WESTERN TITLE**, AS TRUSTEE FOR **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS)** SOLELY AS NOMINEE FOR LENDER **SOMA FINANCIAL, A NEVADA CORPORATION** AS THE BENEFICIARY AND RECORDED ON **July 13, 2005**, AS INSTRUMENT **NO. 3244647**, OF OFFICIAL RECORDS IN THE OFFICE OF THE RECORDER OF WASHOE COUNTY, STATE OF NEVADA AND THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST HAVING BEEN ASSIGNED TO **BANK OF AMERICA, N.A.** FOR THE BENEFIT OF **U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR HARBORVIEW 2005-12 TRUST FUND** THE GRANTEE HEREIN AND THE RECONVEYANCE OF SAID PROPERTY UNDER SAID DEED OF TRUST;

THAT AT THE TIME OF MAKING SAID DEED AFFIANT(S) BELIEVED AND NOW BELIEVE(S) THAT THE AFORESAID CONSIDERATION THEREFORE REPRESENTS THE FAIR VALUE OF THE PROPERTY SO DEEDED;

THIS AFFIDAVIT IS MADE FOR THE PROTECTION AND BENEFIT OF THE GRANTEE IN SAID DEED, HIS SUCCESSORS AND ASSIGNS, AND ALL OTHER PARTIES HEREAFTER DEALING WITH OR WHO MAY ACQUIRE AN INTEREST IN THE PROPERTY HEREIN DESCRIBED, AND PARTICULARLY FOR THE BENEFIT OF ANY TITLE COMPANY WHICH WILL INSURE THE TITLE TO SAID PROPERTY IN RELIANCE THEREON AND ANY OTHER TITLE COMPANY WHICH MAY HEREAFTER INSURE THE TITLE TO SAID PROPERTY;

THAT AFFIANT(S), AND EACH OF THEM WILL TESTIFY DECLARE, DEPOSE, OR CERTIFY BEFORE ANY COMPETENT TRIBUNAL, OFFICER OR PERSON IN ANY CASE NOW PENDING OR WHICH MAY HEREAFTER BE INSTITUTED, TO THE TRUTH OF THE PARTICULAR FACTS HEREINABOVE SET FORTH.

| Trustee Sale No. NV08000365-11-DIL | APN 516 152 15 | Title Order No. |
|---|---|---|

Date: 8-28-12

_Maria E Estrada_
By: MARIA E. ESTRADA

_Alfonso Estrada_
By: ALFONSO ESTRADA

STATE OF Nevada

COUNTY OF Washoe

On August 28, 2012 before me, Brett A. Shirey, a notary public, personally appeared Maria Estrada and Alfonso Estrada who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Nevada that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Brett A. Shirey_
Notary Public

BRETT A. SHIREY
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 05-98895-2 / Expires November 24, 2012

Page 5 of 5

# Exhibit  2

# Exhibit  2

Pacific Coast Title Company as an
accomodation only. It has not been
examined as to its execution or as
to its effect upon the title.

RECORDING REQUESTED BY:

WHEN RECORDED MAIL DEED
AND TAX STATEMENT TO:

Bank of America, N.A
c/o Bank Of America Home Loans
400 National Way
CA6-919-01-09
Simi Valley, CA 93065

01/22/2013 03:09:26 PM
Electronic Recording Requested By
PACIFIC COAST TITLE
Washoe County Recorder
Kathryn L. Burke – Recorder
Fee: $42.00  RPTT: $0
Page 1 of 1

---

APN 516 152 15        TS No: NV08000365-11-DIL        Title Order No.
PROPERTY ADDRESS: 5054 Kiva Ct, Sparks, NV 89436

## DEED OF RECONVEYANCE

WHEREAS, the indebtedness secured by the Deed of Trust dated as of **July 6, 2005**, executed by **ALFONSO ESTRADA and MARIA ESTRADA** as Trustor, to **WESTERN TITLE** as Trustee and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) SOLELY AS NOMINEE FOR LENDER SOMA FINANCIAL, A NEVADA CORPORATION** was the original Beneficiary and recorded on **July 13, 2005** as Instrument No. **3244647** of official records in the Office of the Recorder of **Washoe** County, **Nevada**, has been paid.

NOW THEREFORE, **TRUSTEE CORPS, as Successor Trustee**, having received from the present owner of the beneficial interest under said Deed of Trust and the obligations secured thereby, a written request to reconvey by reason of the obligations secured by said Deed of Trust, DOES HEREBY RECONVEY, without warranty, to the person or persons legally entitled thereto, the estate, title and interest now held by it under said Deed of Trust in said County, Nevada, describing the land therein: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

Date: 10/3/12

Trustee Corps, as Successor Trustee

By: Gloria Suarez, VP

STATE OF California
COUNTY OF Orange

On Oct 3, 2012 before me, David Miller _____, Notary Public, personally appeared Gloria Suarez _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public in and for said County and State



DAVID MILLER
Commission # 1893688
Notary Public - California
Orange County
My Comm. Expires Jun 25, 2014